**This order is SIGNED.**

**Dated: May 25, 2018**

*William J. Thurman*

**WILLIAM T. THURMAN**
**U.S. Bankruptcy Judge**



# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF UTAH

| | |
|---|---|
| In re: BLACK IRON, LLC,<br><br>Debtor, | Related Bankruptcy No. 17-24816<br><br>Chapter 11<br><br>Adv. Pro. No. 17-2094<br><br>(consolidated with Adv. Pro. No. 17-2088)<br><br>Hon. William T. Thurman |
| WELLS FARGO RAIL CORPORATION f/k/a FIRST UNION RAIL CORPORATION and HELM PACIFIC LEASING,<br><br>Plaintiffs.<br><br>Vs.<br><br>BLACK IRON, LLC; CML METALS CORPORATION;PIC RAILROAD, INCL d/b/a CML RAILROAD, INC.; and GILBERT DEVELOPMENT CORPORATION,<br><br>Defendants. | |

## MEMORANDUM DECISION

### I. Introduction

The matter before the Court is Defendant CML Metals Corporation's ("CML") Motion Under Rule 15(a) for Leave to File Amended Answer (the "Motion to Amend"). CML seeks to file an Amended Answer in order to reassert certain affirmative defenses based on alleged fraud and mistake. The Plaintiffs, Wells Fargo Rail Corporation and Helm Pacific Leasing ("Wells Fargo") objected to the Motion to Amend on several grounds. A hearing was conducted on the Motion to Amend on May 16, 2018. Brian Rothschild appeared on behalf of CML. Troy Aramburu appeared on behalf of Wells Fargo. The Court heard oral argument, read the briefs filed by the parties, conducted its own independent review of the law and makes the following findings of fact and conclusions of law pursuant to Bankruptcy Rule of Procedure 7052.

## II. Jurisdiction, Venue and Notice

The jurisdiction of this Court is properly invoked under 28 U.S.C. § 1334 and has been expressly consented to by the parties. This is a core proceeding within the meaning of 28 U.S.C. § 157, and this Court may enter a final order. Venue is proper under the provisions of 28 U.S.C. §§ 1408 and 1409. Notice of the hearing is found to be proper in all respects.

## III. Relevant Factual and Procedural Background

The original complaint in this adversary proceeding was filed in the U.S. District Court, and then referred to this Bankruptcy Court. In August, 2017, many of the pleadings from the U.S. District Court docket were filed with this Court. An Answer to the Amended Complaint was filed by CML in this Court on Nov. 17, 2017 ("CML's Answer"). *See* Dkt. No. 100. CML's Answer contained an Eighth Affirmative Defense that stated in its entirety: "Plaintiffs claims under all alleged contracts are barred, in whole or part, by rescission for unilateral or bilateral mistake of fact (Cal. Civ. Code §§ 1577 and 1689(b)(1)). CML's Answer also contained a Ninth Affirmative Defense that stated in its entirety: "Plaintiffs' claims under all alleged contracts are

barred in whole or in part by all defenses to contract formation, including, without limitations, false representation, false promise (Cal. Civ. Code §§ 1689(b) and 1710), intentional misrepresentation, negligent misrepresentation (Cal. Civ. Code §§ 1689(b)(1) and 1710(2)), and concealment."

On Dec. 8, 2017, Wells Fargo filed a Motion to Strike the Insufficient Defenses of CML Metals Corporation, Black Iron, LLC and Gilbert Dilbert Corporation ("Motion to Strike). The Motion to Strike sought to strike the Eighth and Ninth Defenses quoted above from CML's Answer, and also to strike the Third Affirmative Defense raised in Black Iron's answer to the amended complaint. *See* Dkt. No. 103. Wells Fargo filed the Motion to Strike in each adversary proceeding, 17-2094 and 17-2088. The Motion to Strike was brought under Fed. R. Civ. Pro. 9(b), made applicable to bankruptcy proceedings through Bankruptcy Rule 7009(b), which states that, "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Wells Fargo argued that CML's Eighth and Ninth Affirmative Defenses did not plead facts to support the allegations of mistake or fraud, and that Black Iron's Third Affirmative Defense purported to incorporate all of CML's defenses, and thus suffered from the same defect.

Black Iron filed an objection to the Motion to Strike. *See* Dkt. No. 109. CML did not file a response. The Court conducted a hearing on the Motion to Strike on Jan. 31, 2018, at which Black Iron requested that the Motion to Strike be denied, or, in the alternative, it be given time to amend its answer to the amended complaint. The Court granted Wells Fargo's Motion to Strike, but allowed Black Iron to amend its answer. Black Iron filed its amended answer to the complaint on Feb. 7, 2018 in Adversary Proceeding 17-2088. *See* Dkt. No. 25.

CML's failure to file a response to the Motion to Strike was discussed at the hearing, with the Court noting its absence. The order granting the Motion to Strike specifically stated that "CML Metals Corporations' Eighth and Ninth Affirmative Defenses are hereby stricken from *CML Metals Corporations' Answer to Third-Party Complaint* [Dkt. 100]." *See* Dkt. No. 144, entered on Feb. 13, 2018. CML did not object to the form of this order, nor did it file a motion to vacate the order.

Two months after the Court entered the order granting the Motion to Strike, CML filed this Motion to Amend. *See* Dkt. No. 203, filed April 13, 2018. CML now wishes to reinstate its Eighth and Ninth Affirmative Defenses (the "Proposed Eighth Affirmative Defense" and "Proposed Ninth Affirmative Defense"). CML alleges that, during discovery, it recently discovered the specific facts that support its defenses of fraud and mistake, and that it did not previously have access to these facts.[1]

### IV. Legal Standard

CML brings its motion under Fed. R. Civ. Pro. 15(a), made applicable to adversary proceedings by Bankruptcy Rule 7015(a). Rule 15(a)(1) gives a party 21 days to amend its pleading. Once the 21-day limit has passed, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." CML has represented that Wells Fargo has not consented to this amendment, and hence it was necessary to petition for the court's leave.

The direction in the rule to "freely give leave when justice so requires" implies that permission to amend pleadings should not be withheld without good cause. "The purpose of the

---

[1] The Court takes judicial notice that fact discovery closed on May 5, 2018. *See* Amended Scheduling Order at Dkt. No. 215.

Rule is to provide litigants 'the maximum opportunity for each claim to be decided on its merits rather than on procedural niceties.'" *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006) (quoting *Hardin v. Manitowoc-Forsythe Corp.*, 691 F.2d 449, 456 (10th Cir. 1982)).

However, "procedural niceties" have an important function in a court case, and unlimited permission to amend pleadings at any time could interfere with the orderly proceedings of a case, or disadvantage the other party. Accordingly, case law has developed a list of cautionary factors to consider that limit a party's ability to amend its pleadings. "Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993).

V. **Discussion**

The affirmative defenses at issue in this proceeding were originally stricken for failure to plead fraud or mistake with particularity, which is a requirement of Fed. R. Civ. P. 9(b). It would be futile now to allow an amendment that also fails to plead fraud or mistake with particularity, as the amendment could then be stricken again. Therefore, any proposed amendment would need to withstand the scrutiny of Rule 9. Accordingly, the Court is persuaded by the argument of Wells Fargo that the Motion to Amend should be denied on the basis that the amendments would be futile.

A motion to amend pleadings is not an invitation to rule on the merits of the proposed amendment. However, the Court does need to consider whether or not the amendment would be futile. *See Jefferson County School Dist. v. Moody's Investor Services, Inc.*, 175 F.3d 848, 859 (10th Cir. 1999) ("Although Fed. R. Civ. P. 15(a) provides that leave to amend shall be given freely, the district court may deny leave to amend where amendment would be futile."). In this

situation, the amendment would be futile if the proposed amended affirmative defenses are still not able to withstand a challenge under Bankruptcy Rule 7009, which requires that allegations of fraud or mistake must be pleaded with particularity. The parties have argued the merits of those defenses in their pleadings before the Court, but deciding the merits is not the task for today. Instead, the Court is only concerned with whether or not the amendments are pleaded with particularity, not whether or not the allegations may be proven at trial.

Rule 9(b) states: "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b). The Tenth Circuit has specified the requirements of pleading with particularity: "[T]his court requires a complaint alleging fraud to 'set forth the time, place and contents of the false representation, the identity of the party making the false statements and the consequences thereof.'" *Koch v. Koch Industries, Inc.*, 203 F.3d 1202, 1236 (10th Cir. 2000) (relying on a previous version of Rule 9, which stated: "In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity. Malice, intent, knowledge, and other conditions of mind of a person may be averred generally."). While this case was specifically discussing allegations of fraud, the wording of Rule 9 makes it clear that the same standards that apply to allegations of fraud also apply to allegations of mistake. "The primary purpose of Rule 9(b) is to afford defendant fair notice of the plaintiff's claim and the factual ground upon which it is based . . . ." *Farlow v. Peat, Marwick, Mitchell & Co.*, 956 F.2d 982, 987 (10th Cir. 1992) (quoting *Ross v. Bolton*, 904 F.2d 819 (2nd Cir. 1990)).

**A. Proposed Eighth Affirmative Defense Based on Mistake**

The Proposed Eighth Affirmative Defense,[2] which was based on mistake, now contains several paragraphs explaining the hauling capacity of the railcars, and alleges that neither party was aware that the railcars were not appropriate for hauling iron ore, but were designed only to haul coal or coke, which is much less dense than iron ore. However, the Proposed Eighth Affirmative Defense does not contain allegations stated with particularity. For example, paragraph 8 of the Eighth Amended Affirmative Defense contains a statement made by an employee identified as Freddy Fernandez, in which he allegedly stated:

> A couple of the cars inspected at CML (UT) showed recent (complete replacement of side sills. In your opinion, is this type of failure (broken side sills) indicative of the car type and age of the cars. Most of the cars were built in 1990-1991. Is it possible that the product density and distribution of weight can be causing abnormal stress to side sill, resulting failure?
> In general, Helm has been very pleased with the RDII system as it relates to standard coal service. However, it appears that the maintenance problems of the ore trains have been more prevalent. Although I believe we can get the customer up to speed on proactive and preventative maintenance, I want to make sure that you feel that the cars can definitively take the ore service as it relates to product density.

The quote is given, but not the time and place the statement was made, or identification of the person to whom Fernandez was speaking. In reading the statement, parties, including the Court, will most likely have pertinent remaining questions such as: Is the communication an email or letter? Is it an excerpt from a deposition? Why is there a question and answer format in a quote attributed to only one person? Without any context, or description of the time and place of the communication, this quote does not meet the Rule 9 particularity standards given in *Koch*.[3]

---

[2] Attached as Exhibit A to the Motion to Amend, filed at Dkt. No. 203.
[3] *See generally Koch v. Koch Industries, Inc.*, 203 F.3d 1202 (10th Cir. 2000) ("Instead, paragraph twenty-two broadly alleged that the Defendants concealed the true value of KII stock without informing the court or the Defendants of the source for this contention.") *Id.* at 1237.

7

The other allegations of mistake also do not rise to the levels of specificity required by *Koch* in order to survive a Rule 9 analysis. Paragraph 9 of the Proposed Eighth Affirmative Defense states that "Jason Zimmermann . . . represented to CML that all or some of the railcars had already been modified . . . ." While the speaker is identified, the time and place are not identified, nor is a specific person identified as the recipient of the communication. The communication is summarized rather than being quoted. Paragraph 14 also contains summaries of communications, without any particularity in the pleading. This does not satisfy the standards of Rule 9(b). In making this determination, the Court is persuaded by the reasoning set forth in *Fisherman Surgical Instruments, LLC v. Tri-Anim Health Services, Inc.*, 2007 WL 852666 at *3 (D. Kan. 2007) (unpublished opinion), in which the court found certain affirmative defenses to be "wholly conclusory" and found that the party did not include sufficient factual allegations to support its affirmative defenses. "In particular, defendant fails to specify the time and place of any misrepresentation or omissions, the specific content of any statements or matter omitted, the specific individual(s) who made the statements or omitted material information and the form of any statements, *i.e.*, oral or written." *Id*. CML has likewise omitted time, place, specific content, and the identity of all the parties involved.

The mistake identified in this Proposed Eighth Affirmative Defense is the hauling capacity of the railcars, and whether the railcars could be upgraded to haul iron ore. The general mistake is alleged, but the particulars of the communications are not identified with particularity. Without the "factual grounds" for the claim, the Court finds that the Proposed Eighth Affirmative Defense does not meet the standards of Rule 9, in that mistake is not pleaded with particularity, and therefore this amendment would be futile.

### B. Proposed Ninth Affirmative Defense Based on Misrepresentation

The Proposed Ninth Affirmative Defense,[4] which is based on false representation, false promise, intentional misrepresentation, negligent misrepresentation or concealment, covers much of the same material as stated in the Proposed Eighth Affirmative defense. Several paragraphs summarize the hauling capacity of the railcars, and allege that Wells Fargo knew CML needed the railcars to haul iron ore and also knew that the railcars were not sufficient for this purpose. The Proposed Ninth Affirmative Defense contains the statement that "representatives of First Union/Helm, including Jason Zimmermann, Brad Wind, Freddy Fernandez, and Gary Beran, both prior to and during the performance of the Leases told CML employees that the railcars were appropriate or could be modified to be appropriate for hauling iron ore, when in fact, the railcars were wholly inappropriate and not designed for such use."[5] However, no specific statement is identified, nor is the time, place or speaker identified. General "averments are not particular enough to put" a defendant on notice and satisfy a Rule 9 challenge. *In re McDaniel*, 347 B.R. 444, 446 (Bankr. M.D. Fla. 2006) ("Debtor failed to include the time, place and contents of the false representations.").

Paragraph 8 of the Proposed Ninth Affirmative Defense contains three different quotes that allegedly show that Wells Fargo employees knew the railcars were not capable of hauling iron ore. The purpose of the quotes is to provide foundation for the allegation that Wells Fargo employees knew the railcars were inadequate, and so the fact that the statements were not made to CML employees is not fatal to this paragraph. However, the statements are not identified by time or place, or by type of communication, whether it was an email or a deposition or a written

---

[4] Attached as Exhibit A to the Motion to Amend, filed at Dkt. No. 203.
[5] Proposed Ninth Affirmative Defense at p. 7.

9

report. This paragraph does not give Wells Fargo the "factual grounds"[6] necessary to reply to the statements.

>Paragraph 11 states as follows:
>
>In addition, at the time each of the Leases were entered into, First Union/Helm misrepresented that the railcars could be modified or had already been modified to become 286 GRL railcars rather than 268 railcars. Jason Zimmerman, the First Union/Helm employee who was in charge of the CML account and the primary point of contact between First Union/Helm and CML, falsely represented to CML that all or some of the railcars had already been modified to become 286 GRL railcars, and simply needed to be re-registered as 286 GRL railcars.

This paragraph fails to plead fraud or misrepresentation with particularity. The statements are summarized, with no reference to a specific statement, and the time and place at which it was made. The paragraph also states that the representation was made "to CML" without identifying which individual in CML heard the representation. "The purpose of Rule 9(b) is to enable a defending party to prepare an effective response to charges of fraud . . . ." *Fisherman Surgical Instruments, LLC v. Tri-Anim Health Services, Inc.*, 2007 WL 852666 (D. Kan. 2007) (unpublished opinion). Without the particularities of the communication, Wells Fargo is left with a most likely impossible task of proving that such statements never took place over several years of professional dealings.

Paragraph 12 of the Proposed Ninth Affirmative Defense refers to a letter written after Jason Zimmerman was fired, but does not identify the date of the letter, which person sent it, to whom it was addressed, and quotes only one word: "misunderstanding." This is not sufficient under Rule 9. Documents must be identified with particularity.

---

[6] *Farlow v. Peat, Marwick, Mitchell & Co.*, 956 F.2d 982, 987 (10th Cir. 1992) (quoting *Ross v. Bolton*, 904 F.2d 819 (2nd Cir. 1990)).

Paragraph 15 also refers to a communication between CML and First Union/Helm, stating, "It [CML] informed First Union/Helm of these expenditures taken in reliance on Jason Zimmerman's and First Union/Helm's representations regarding the ability to upgrade the leased railcars to 286 GRL railcars." This communication made by CML should be identified by date, place and speaker in order to be pleaded with particularity under Rule 9.  Again referring to the reasoning in the *Fisherman Surgical* case which the Court adopts as its own, "[G]eneral allegations of misrepresentations and omissions . . . are insufficient under Rule 9(b). Defendant fails to specify the time and place of the statements, the specific content of the statements, the specific individual(s) who made the statements and the form of the statements, oral or written." *Fisherman Surgical Instruments, LLC v. Tri-Anim Health Services, Inc.*, 2007 WL 852666 at *2 (D. Kan. 2007) (unpublished opinion).

Paragraph 18 contains very broad statements about alleged representations made about upgrading the railcars, promises made to CML, and the conclusions of First Union/Helm, referencing engineering studies, but again, fails to plead with particularity any specific statements or clearly identify the reports that are referenced. *See Shaffer v. Eden*, 209 F.R.D. 460 (D. Kan. 2002) (finding that plaintiffs' allegations of misrepresentations made "during [plaintiffs'] employment" was not sufficiently precise under Rule 9, given that the various terms of employment ranged from a few months to fifteen years).

Paragraph 19 of the Proposed Ninth Affirmative Defense states that Jason Zimmerman and other unnamed employees of First Union/Helm "made the representations to CML anyway in order to make a sale." These representations are not pleaded with particularity. There is another reference to the letter apparently also referred to in paragraph 12, but again, without any specific identifying information.

Accordingly, the Court determines that the Proposed Ninth Affirmative Defense does not meet the standards of Rule 9, in that fraudulent misrepresentation is not pleaded with particularity, and therefore this amendment would be futile.

While other factors may also be analyzed in a challenge under Rule 9, such as undue delay, undue prejudice to the opposing party, bad faith, or failure to cure a deficiency by an amendment previously allowed,[7] the Court does not need to address the other factors, finding instead that the futility of the amendment is sufficient to deny the Motion to Amend.

## VI. Conclusion

Fed. R. Civ. P. 15(a)(2) gives a court discretion to allow pleadings to be amended "when justice so requires." Case law imposes limits on this Rule, which consider the impact of the amendment on the opposing party. CML failed to participate in the previous Motion to Strike. Its current proposed amendments do not meet the Rule 9 standard of pleading fraud or mistake with particularity, and this vagueness would impose a burden on Wells Fargo, either by necessitating another Rule 9 motion, or by creating a very difficult task of responding to general allegations without anything specific. Accordingly, the Court finds that the Motion to Amend should be denied. The Court will prepare the order.

-----------------------------------END OF DOCUMENT-------------------------------------

---

[7] *See Koch v. Koch Industries, Inc.*, 203 F.3d 1202 (10th Cir. 2000).

_____ooo0ooo_____

## DESIGNATION OF PARTIES TO RECEIVE NOTICE

Service of the foregoing **MEMORANDUM DECISION** shall be served to the parties and in the manner designated below.

By CM/ECF Notification:

- Troy J. Aramburu    taramburu@swlaw.com, nharward@swlaw.com,docket_slc@swlaw.com,sballif@swlaw.com
- Bret R Evans    brevans@swlaw.com, nharward@swlaw.com;docket_slc@swlaw.com;sballif@swlaw.com
  - Dana T. Farmer    dfarmer@djplaw.com, eirvin@djplaw.com
  - Douglas Farr    dfarr@swlaw.com, docket_slc@swlaw.com;bandrews@swlaw.com
  - Ralph R. Mabey    rmabey@kmclaw.com
  - Adelaide Maudsley    amaudsley@kmclaw.com, tslaughter@kmclaw.com
  - Amy F. Sorenson    asorenson@swlaw.com, smoen@swlaw.com
    Brian M. Rothschild    BRothschild@parsonsbehle.com, ecf@parsonsbehle.com

**By U.S. Mail:** In addition to the parties of record receiving notice through the CM/ECF system, the following parties should be served notice pursuant to Fed. R. Civ. P. 5(b).

None